## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.: _____

DIEGO VARAS CASADO, a minor,
through his natural parents and legal
guardians, JOSE MARIA VARAS and
OLINDA CASADO, and JOSE MARIA
VARAS and OLINDA CASADO,
individually and as natural parents and
guardians of DIEGO VARAS CASADO,

      Plaintiffs,

vs.

HILTON INTERNATIONAL CO.,
a foreign corporation, and HOWARD
FRIEDMAN, a Florida resident

      Defendants.

_____/

**05-22454**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE
TURNOFF**

### NOTICE OF REMOVAL

Defendant, HILTON INTERNATIONAL CO. ("HILTON"), by and through undersigned

counsel, and pursuant to 28 U.S.C. §1441 and §1446, hereby files its Notice of Removal, and in

support thereof states as follows:

### STATEMENT OF GROUNDS FOR REMOVAL

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal

accompany any notice of removal. This action may be removed because it arises under the laws

of the United States pursuant to 28 U.S.C. §1332. Specifically, the Plaintiffs, DIEGO VARAS

CASADO, JOSE MARIA VARAS, and OLINDA CASADO ("Plaintiffs"), presently residents of

Spain and residents of Venezuela at the time of the incident that is the subject of this lawsuit,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET · SUITE 3800 · MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 · FACSIMILE (305) 579-0261

#194186

have filed a claim against HILTON, which is a corporation incorporated under the laws of Delaware and with its principal place of business in Coral Gables, Florida. The Co-Defendant, Howard Friedman, was fraudulently joined to defeat diversity. Mr. Friedman is no longer a resident of Florida; he moved to the United Kingdom on July 1, 2005. Thus, the requirement of 28 U.S.C. §1332(a)(1) that the parties be citizens of different states has been met. In the Complaint, Plaintiffs aver that this is an action for damages in excess of $75,000.00, the minimum jurisdictional requirement of 28 U.S.C. §1332(a).

## THE PARTIES

According to the Complaint, Plaintiffs were residents of Venezuela at the time of the incident and are presently residents of Spain. Complaint ¶4.

HILTON is a Delaware corporation with its principal place of business in Coral Gables, Florida.

## BACKGROUND

1.      Plaintiffs filed this action on or about August 12, 2005, in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 05-16511 CA 04. Plaintiffs served the Summons and Complaint on HILTON on August 23, 2005.

2.      The procedure governing removal of actions filed in state courts is governed by 28 U.S.C. §1446. Section 1446 provides that any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. Accordingly, the due date for the filing of HILTON's Notice of Removal is on or before September 22, 2005. This Notice of Removal is being timely filed in compliance within the time limit set forth in 28 U.S.C. §1446.

- 2 -

3.     True and correct copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the state court action are attached hereto as Composite Exhibit "A".

4.     Miami-Dade County is within the jurisdictional limits of this Court.  28 U.S.C. §89(c).

5.     The Complaint seeks damages and general relief based upon allegations that the minor, Diego Varas Casado, was injured in the swimming pool of the Hilton Margarita & Suites in Isla de Margarita, Venezuela.  Specifically, the Complaint alleges negligence and premises liability against HILTON and negligence against HOWARD FRIEDMAN.  As discussed more fully below, HOWARD FRIEDMAN was fraudulently joined as a party to this Complaint to defeat diversity.

## MEMORANDUM OF LAW

### A.     THIS COURT HAS JURISDICTION OVER THIS MATTER  AND VENUE IS PROPER IN THIS COURT

A state court action may be removed to a United States District Court where such District Court has original jurisdiction.  *See* 28 U.S.C. § 1441.  In the case *sub judice*, original jurisdiction exists in this Court under 28 U.S.C. § 1332, which provides as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
>         \*             \*            \*
>
> (1)     citizens of different States[.]

28 U.S.C. §1332 (a)(1).  Thus, HILTON must establish two things to invoke the jurisdiction of this Court: First, that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), and second, that the action is between the citizens of different states (*i.e.*, complete diversity).

- 3 -

### 1.    The Amount in Controversy Exceeds $75,000.00

It is clear that the amount in controversy in the instant case exceeds Seventy Five Thousand Dollars ($75,000.00), as this is stated on the face of the Complaint. Paragraph 1 of the Complaint states that this "is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys fees." Accordingly, the amount in controversy in the instant matter clearly satisfies and exceeds the jurisdictional limitations of this Court, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (providing that the district courts have original jurisdiction over actions premised on diversity of citizenship where the amount in controversy exceeds $75,000.00, exclusive of interest and costs).

### 2.    This action is between citizens of a state and citizens or subjects of a foreign state

28 U.S.C. § 1332(a)(2) states that the district courts shall have original jurisdiction in all civil actions if the amount in controversy is met and is between "citizens of a State and citizens or subjects of a foreign state." The Complaint alleges that the Plaintiffs are presently residents of Spain, which is a foreign state. Complaint ¶4. The Complaint does not allege citizenship for any of the Plaintiffs.

The Complaint correctly alleges that HILTON is a corporation incorporated under the laws of Deleware with its principal place of business in Coral Gables, Florida. *See* Complaint ¶ 6. The Complaint incorrectly alleges that Co-Defendant HOWARD FRIEDMAN was and is the President of "The Americas" Division of HILTON, working and residing in Florida. *See* Complaint ¶ 9. HOWARD FRIEDMAN relocated to the United Kingdom on July 1, 2005, and thus is not a Florida resident for the purposes of this Complaint. *See* Affidavit of Howard Friedman, attached hereto as Exhibit "B." HILTON contends that HOWARD FRIEDMAN was added to the Complaint to defeat jurisdiction, which is discussed more fully below. Thus, this is

- 4 -

an action between a citizen of a state and citizens of a foreign state, and diversity jurisdiction existed at the time Plaintiffs filed their complaint and diversity jurisdiction exists now. Every plaintiff is completely diverse from every defendant.

### 3.   Co-Defendant Howard Friedman was fraudulently joined in an attempt to defeat diversity jurisdiction

An action may be removable if the joinder of a non-diverse party is fraudulent. Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998). Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. Id. at 1287, citing Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. Id. The case at bar falls under the former situation, as there is no possibility that the plaintiffs can prove a cause of action against the non-diverse defendant, HOWARD FRIEDMAN. Mr. Friedman is merely the President of a division of HILTON. He has no personal relationship with the event, and only a corporate and tangential relationship at best to the hotel where the event occurred. To say that Mr. Friedman was actively negligent in the alleged incident is disingenuous.

### 4.   Venue is proper in this Court

The United States District Court for the Southern District of Florida is the judicial district embracing the place where the State Court case was brought and is pending (i.e., Miami-Dade County, Florida). Thus, the United States District Court for the Southern District of Florida is the proper court to which this case should be removed. See 28 U.S.C. §§ 89(c), 1441(a) and 1446(a). Moreover, the Miami Division of the Court is the proper division within the Southern District of Florida to which this case should be removed, since the state court action arose out of

events occurring in Miami-Dade County, Florida and the state court action is pending in Miami-Dade County, Florida.

### B.     DEFENDANT HAS COMPLIED WITH THE STATUTORILY REQUIRED PROCEDURE FOR REMOVAL

This Notice of Removal sets forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised and the factual support for that jurisdiction. Accordingly, HILTON has complied with the terms of 28 U.S.C. §1446, which dictate that a short and plain statement of the grounds for removal accompany any notice of removal. In addition, this Notice has annexed to it as Composite Exhibit "A", a copy of the Summons, Complaint and Notice of Service of Process filed in state court by Plaintiffs, which constitutes all process, pleadings and other papers which have been filed with the state court to date. Further, the due date for the filing of Petitioner's Notice of Removal is on or before September 22, 2005, which is thirty (30) days from the date of service

### CONCLUSION

HILTON has complied with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter on the grounds that it is a civil action with an amount in controversy exceeding $75,000.00 and between a citizen of a state and a citizen of a foreign state. Accordingly, HILTON respectfully asserts that the United States District Court for the Southern District of Florida should take jurisdiction over this matter. Notice of the filing for removal will be promptly given to the State of Florida Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

Diego Varas Casado v. Hilton International Co.
Case No.: _____

Additionally, Defendant will serve its response to the Complaint within five (5) days after

filing this petition for removal, pursuant to Fed.R.Civ.P. 81(c) and 6(a), or such subsequent time

as set by stipulation of the parties or order of the Court.

WHEREFORE, Defendant, HILTON INTERNATIONAL CO., respectfully requests that

this action pending in the Circuit for the Eleventh Judicial Circuit, in and for Miami-Dade

County, Florida, be removed to the United States District Court for the Southern District of

Florida.

Dated this _8_ day of September, 2005.

Respectfully submitted,

RICARDO J. CATA
Florida Bar No.: 208809
JESSICA A. DOLBI
Florida Bar No.:0518174
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
*Attorneys for Defendant*
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Tel:    (305) 374-4400
Fax:    (305) 579-0261
Email: catar@wemed.com
Email: dolbij@wemed.com

- 7 -

Diego Varas Casado v. Hilton International Co.
Case No.: _____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by

U.S. Mail on this ___8___ day of September, 2005 to:  STEVEN C. MARKS, ESQ., Podhurst,

Orseck, P.A., 25 West Flagler Street, Suite 800, Miami, Florida, 33130.

Ricardo J. Cata

- 8 -

IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT IN AND FOR
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.    05-16511  CA 04

00416-60

DIEGO VARAS CASADO, a minor,
through his natural parents and legal
guardians, JOSE MARIA VARAS and
OLINDA CASADO, and JOSE MARIA
VARAS and OLINDA CASADO,
individually and as natural parents and
guardians of DIEGO VARAS CASADO

      Plaintiffs,

vs.

HILTON INTERNATIONAL CO.,
a foreign corporation, and HOWARD
FRIEDMAN, a Florida resident,

      Defendants.

_____/

8/18/05

115 P

12.245

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

      HILTON INTERNATIONAL CO.
      By Serving its Registered Agent:

      United Corporate Services
      9200 South Dade Blvd.
      Suite 508
      Miami, Florida 33156



EXHIBIT

A

The President or Vice-President, or other head of the corporation, and in his absence:

The Cashier, Treasurer or General Manager; and in the absence of all of the above:  Any Officer or Business Agent residing in the state; and as an alternative to all of the foregoing, process may be served on the agent designed under Section 48.091, F.S.

Each defendant is required to serve written defenses to the Complaint or Petition on STEVEN C. MARKS, Esq., Podhurst Orseck, P.A., 25 West Flagler Street, 8th Floor, Miami, Florida 33130, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____, 2005.   AUG 12 2005

Clerk of the Circuit Court
HARVEY RUVIN, Clerk
as Clerk of the Court

BY:_____
as Deputy Clerk

STEVEN C. MARKS
PODHURST ORSECK, P.A.
City National Bank Bldg , 8th Floor
25 West Flagler Street
Miami, Florida  33130
Attorneys for Plaintiff
Phone:  (305) 358-2800

—2—

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

**05 16511 CA 04**

DIEGO VARAS CASADO, a minor,
through his natural parents and legal
guardians JOSE MARIA VARAS
and OLINDA CASADO, and
JOSE MARIA VARAS and OLINDA
CASADO, individually and as natural parents
and guardians of DIEGO VARAS
CASADO,

     Plaintiffs,

vs.

HILTON INTERNATIONAL CO.,
a foreign corporation, and
HOWARD FRIEDMAN, a Florida
resident.

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

    COME NOW the Plaintiffs, DIEGO VARAS CASADO ("DIEGO"), a minor, through his

natural parents and legal guardians JOSE MARIA VARAS and OLINDA CASADO, and JOSE

MARIA VARAS and OLINDA CASADO, individually and as a natural parents and legal of

guardians of DIEGO, and sue Defendants, HILTON INTERNATIONAL CO., a foreign corporation,

and HOWARD FRIEDMAN, a Florida resident, for damages and allege as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.     This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys fees.

2.     At all times material, Plaintiff, DIEGO, was and is a minor residing with his natural parents and legal guardians, JOSE MARIA VARAS and OLINDA CASADO. At the time of the accident which forms the basis for this lawsuit, DIEGO was three years of age.

3.     At all times material, Plaintiffs, JOSE MARIA VARAS and OLINDA CASADO are the natural parents of DIEGO.

4.     At all times material, DIEGO, JOSE MARIA VARAS, and OLINDA CASADO are all aliens currently residing together in Spain, and residing in Venezuela at the time of the accident.

5.     At all times material, Hilton Margarita & Suites, located in Isla de Margarita, Venezuela, is owned and operated by Hilton International Co

6.     At all times material, Defendant, Hilton International Co. ("HILTON"), was and is a Delaware corporation with its principal place of business at 901 Ponce de Leon Blvd., Suite 700, Coral Gables, FL 33134.

7.     At all times material, Defendant, Hilton International Co. was and is authorized to do business in the state of Florida and was operating its hotels located in "The Americas" from its divisional office in Florida, giving this court jurisdiction under § 48.091 of the Florida Statutes. "The Americas" includes Venezuela and, therefore, the Hilton Margarita & Suites in Isla de Margarita, Venezuela.

-2-

8.    At all times material, United Corporate Services, 9200 South Dade Blvd., Suite 508, Miami, FL 33156, was and is the Registered Agent for Hilton International Co., and is authorized to accept service of process pursuant to § 48.091 of the Florida Statutes.

9.    At all times material, HOWARD FRIEDMAN was and is the President of "The Americas" division of HILTON. Mr. Friedman operates, manages, and implements the policies and procedures for the Hilton hotels in "The Americas" region from HILTON'S principal place of business at 901 Ponce de Leon Blvd., Suite 700, Coral Gables, FL 33134.

10.   On November 7, 2001, JOSE MARIA VARAS and OLINDA CASADO, along with their minor son DIEGO, were guests at the Hilton Margarita & Suites pool and were lawfully on the premises as business invitees.

11.   DIEGO was playing in the children's area of the hotel's Waterfall Pool, which is a winding river pool with cascades. He could reach the floor-bottom of the children's section of the pool without any difficulty. The section of the pool designated for children is only separated from the adult section of the pool by a short underwater wall that a child can easily cross over, thus creating a dangerous condition for children using the pool facilities.

12.   Neither the HILTON nor HOWARD FRIEDMAN implemented appropriate policies and procedures to ensure that there was access to on-site lifesaving or first-aid equipment in case of an emergency at the swimming pool.

13.   DIEGO was found at the bottom of the pool by a guest of the HILTON pool. Once he was extracted from the pool, there was no lifeguard or pool attendant present to administer first-aid. There was no first-aid equipment available to attempt to revive DIEGO. Fifteen minutes elapsed before the HILTON provided any assistance to DIEGO.

-3-

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

14. DIEGO was then carried by a pool cleaner to the lobby of the HILTON. The HILTON did not have any policies or procedures to ensure that he would be provided with medical assistance as soon as possible; due to the confusion and lack of coordination on the part of HILTON, DIEGO did not receive medical attention over a protracted period of time.

15. HILTON and HOWARD FRIEDMAN knew or should have known of the dangerous condition created by the negligent design of their swimming pool, which allowed for children to traverse the underwater wall between the children's and adult's sections of the pool. Allowing children to swim in this negligently designed pool constitutes a breach of duty to take reasonable precautions to ensure the safety of business invitees, particularly children.

16. HILTON further failed to take basic and reasonable safety precautions by not having a lifeguard or even a swimming pool attendant at the swimming pool premises at the time of the incident; this was compounded by the failure to provide lifesaving equipment that is readily accessible in case of emergency or first-aid equipment that can be employed on-site.

17. DIEGO was extracted from the pool and a HILTON employee assumed care of him, but failed to exercise reasonable care by allowing DIEGO to be without oxygen for a protracted period of time, causing DIEGO to be in a permanent vegetative state. This occurred due to the confusion and lack of coordination resulting from the negligent failure of HILTON and HOWARD FRIEDMAN to implement policies and procedures for emergency situations stemming from the use of the pool.

18. As a result of Defendants' negligence or otherwise wrongful conduct, DIEGO suffered permanent devastating injuries as he is currently in a permanent vegetative state requiring twenty-four hour medical care, which includes the need for a ventilator and other life support.

-4-

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

Additionally, Plaintiff's injuries include, but are not limited to, bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, expensive hospitalization, medical treatment and future losses.

19.    JOSE MARIA VARAS and OLINDA CASADO have experienced severe damages as a result of HILTON and HOWARD FRIEDMAN'S negligence; those damages include, but are not limited to, economic damages for past and future medical expenses and loss of past and future wages, pain and suffering, and loss of consortium with their son.

**COUNT I**
**NEGLIGENCE AGAINST HILTON**

20.    At all time material, HILTON owed a duty to DIEGO, JOSE MARIA VARAS, and OLINDA CASADO to provide a reasonably safe pool area in the Hilton Margarita & Suites.

21.    HILTON had a further duty to inspect and maintain the pool area in general and, specifically, to prevent and guard against dangers that are known or might have been reasonably known; in this case, the lack of a reasonably safe barrier between the children and adult section of the pool.

22.    HILTON had a duty to provide adequate measures for rescue and resuscitation for its business invitees using the swimming pool facilities; these precautions include a supervising lifeguard or pool attendant, and accessible lifesaving and first-aid equipment.

23.    Furthermore, HILTON should have procedures in place for emergency situations. HILTON owes a duty of care to those guests or invitees injured while using the swimming pool on their premises.

-5-

24.   HILTON breached such duty and was careless and negligent in the following

manner:

a.   in allowing a dangerous condition to exist at the pool area, i.e., an underwater wall that does not appropriately impede children crossing from the children's section of the pool to the adult section;

b.   in failing to devise and implement policies and procedures to ensure that the pool area is adequately supervised;

c.   in failing to adequately supervise the pool area, as there was no lifeguard or pool attendant – despite a sign indicating there was supposed to be a lifeguard present – within the vicinity of the pool at the time of the incident;

d.   in failing to devise and implement policies and procedures to ensure access to pool-side lifesaving and first-aid equipment;

e.   in failing to provide any lifesaving and first-aid equipment in case there was an emergency involving the pool area;

f.   in failing to devise and implement policies and procedures in order to ensure that proper care was provided to persons injured at the hotel swimming pool;

g.   in failing to provide proper care or follow procedures to care for DIEGO after he was extracted from the bottom of the pool, i.e., waiting fifteen minutes to move him from the pool-side, calling a taxi service – which took ten minutes to arrive - instead of an ambulance.

25.   As a direct and proximate result of the negligence of HILTON, DIEGO is currently in a permanent vegetative state. Plaintiff's injuries include, but are not limited to, bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, expensive hospitalization, medical treatment and future losses.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

26. As a direct and proximate result of the negligence of HILTON and, consequently, their son's injury resulting in permanent total disability, JOSE MARIA VARAS and OLINDA CASADO have suffered damages, including, but not limited to, economic damages stemming from past and future medical expenses and past and future loss of earnings, and pain and suffering. Additionally, as a result of the permanent total disability of their son, DIEGO, they have lost the consort, companionship, affection, solice, and services of their son.

WHEREFORE, Plaintiffs, DIEGO VARAS CASADO, a minor, and JOSE MARIA VARAS and OLINDA CASADO, individually and as natural parents and guardians for DIEGO VARAS CASADO, demand judgment against HILTON for compensatory damages, costs and such other relief this Court deems appropriate. The Plaintiffs further demand a trial by jury of all issues triable by a jury.

## COUNT II
## PREMISES LIABILITY AGAINST HILTON

27. At all times material, HILTON engaged in the hotel, motel, and/or innkeeper business in Isla de Margarita, Venezuela at the Hilton Margarita & Suites.

28. At all times material, HILTON was under a nondelegable duty to keep its premises reasonably safe for its business invitees and free from dangerous conditions.

29. At all times material, JOSE MARIA VARAS, OLINDA CASADO, and their minor son DIEGO, were business invitees on the premises of the HILTON. Therefore, HILTON owed them a duty to keep the premises reasonably safe.

30. The HILTON breached this duty by failing to ensure that children using their pool facilities were protected from dangerous conditions.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4546        www.podhurst.com

31.    Specifically, the HILTON failed to keep its pool area in a reasonable safe condition for children by:

    a.    having the children's pool next to the adult pool without a substantial division that would obstruct movement between two pools;

    b.    building an inadequate underwater wall to serve as the sole impediment between the children's section of the pool and the adult's section of the pool;

    c.    placing an attractive nuisance - the adult section of the pool - at a very close proximity to the children's section of the pool.

32.    As a direct and proximate result of the HILTON'S breach of its duty, DIEGO is currently in a permanent vegetative state. DIEGO'S injuries include, but are not limited to, bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, expensive hospitalization, medical treatment and future losses.

33.    As a direct and proximate result of the HILTON'S breach of duty and, consequently, their son's injury resulting in permanent total disability, JOSE MARIA VARAS and OLINDA CASADO have suffered damages, including, but not limited to, economic damages stemming from past and future medical expenses and past and future loss of earnings, and pain and suffering. Additionally, as a result of the permanent total disability of their son, DIEGO, they have lost the consort, companionship, affection, solice, and services of their son.

WHEREFORE, Plaintiffs, DIEGO VARAS CASADO, a minor, and JOSE MARIA CASADO and OLINDA CASADO, as natural parents and guardians for DIEGO VARAS CASADO, demand judgment against HILTON for compensatory damages, costs and such other relief this Court deems appropriate. The Plaintiffs further demand a trial by jury of all issues triable by a jury.

-8-

## COUNT III
## NEGLIGENCE AGAINST HOWARD FRIEDMAN

34. At all time material, HOWARD FRIEDMAN, as the senior executive with HILTON responsible for developing and implementing safe operational policies and procedures and for overseeing Hilton's hotels in South America from HILTON'S office in Coral Gables, owed a duty to DIEGO, JOSE MARIA VARAS, and OLINDA CASADO to provide a reasonably safe pool area in the Hilton Margarita & Suites.

35. HOWARD FRIEDMAN had a further duty to ensure that the pool area was properly inspected and maintained and, specifically, to ensure that HILTON had prevented and guarded against dangers that were known or might have been reasonably known; in this case, the lack of a reasonably safe barrier between the children and adult section of the pool.

36. HOWARD FRIEDMAN had a duty to ensure that policies and procedures were in place to provide adequate measures for rescue and resuscitation for its business invitees using the swimming pool facilities; these precautions include a supervising lifeguard or pool attendant, and accessible lifesaving and first-aid equipment.

37. Furthermore, HOWARD FRIEDMAN should have ensured that HILTON had procedures in place for emergency situations. HOWARD FRIEDMAN owes a duty of care to those guests or invitees injured while using the swimming pool on HILTON'S premises.

38. HOWARD FRIEDMAN breached such duty and was careless and negligent in the following manner:

        a.     in approving or overseeing the plans for a negligently designed pool that created a dangerous condition for those attending the pool area, i.e., an underwater wall that does not appropriately impede children crossing from the children's section of the pool to the adult section;

-9-

> b.   in failing to develop and implement safe operational policies and procedures to ensure that the pool area is adequately supervised;
>
> c.   in failing to develop and implement safe operational policies and procedures to ensure access to pool-side lifesaving and first-aid equipment;
>
> d.   in failing to develop and implement safe operational policies and procedures in order to ensure that proper care was provided to persons injured at the hotel swimming pool.

39.   As a direct and proximate result of the negligence of HOWARD FRIEDMAN, DIEGO is currently in a permanent vegetative state. DIEGO'S injuries include, but are not limited to, bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for enjoyment of life, expensive hospitalization, medical treatment and future losses.

40.   As a direct and proximate result of the negligence of HOWARD FRIEDMAN and, consequently, their son's injury resulting in permanent total disability, JOSE MARIA VARAS and OLINDA CASADO have suffered damages, including, but not limited to, economic damages stemming from past and future medical expenses and past and future loss of earning, and pain and suffering. Additionally, as a result of the permanent total disability of their son, DIEGO, they have lost the consort, companionship, affection, solice, and services of their son.

WHEREFORE, Plaintiffs, DIEGO VARAS CASADO, a minor, and JOSE MARIA VARAS and OLINDA CASADO, as natural parents and guardians for DIEGO VARAS CASADO, demand judgment against HOWARD FRIEDMAN for compensatory damages, costs and such other relief this Court deems appropriate. The Plaintiffs further demand a trial by jury of all issues triable by a jury.

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

Submitted this _8th_ day of August, 2005

PODHURST, ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

By:_____

STEVEN C. MARKS
Fla. Bar No. 516414

-11-

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

# United Corporate Services, Inc.

Ten Bank Street, Suite 560
White Plains, NY 10606
www.unitedcorporate.com

Voice (914)949-9188
Fax (914)949-9618
graya@unitedcorporate.com

August 23, 2005

Eric Hertha, Area Financial Controller
Hilton International Co.
901 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134

Re: DIEGO VARAS CASADO ET AL
    vs. HILTON INTERNATIONAL CO. ET AL

Dear Mr. Hertha:

Enclosed is a Summons and Complaint in reference to the above matter, which was received by our representative in the state of Florida as registered agent for your corporation on August 22nd, 2005 via sheriff. *Please note this summons is answerable within twenty (20) days from date of service.*

Please sign and date this letter, and return it to me by mail or fax. *[If you fax this letter, no cover sheet is required; just fax it to me at (914) 949-9618.]*

Sincerely,

Gray Anderson
Representation Department

Received by: _____

Enclosure

Date: _____

Via FedEx

Aug-25-05  03:17pm   From-KARDARAS & KELLEHER LLP          +212-785-5055      T-985   P 05/18   F-616

 **United Corporate Services, Inc.**

Ten Bank Street Suite 560
White Plains, NY 10606
www.unitedcorporate.com

Voice (914)949-9188
Fax (914)949-9618

HILTON INTERNATIONAL CO.
Eric Hartha, Area Financial Controller
Hilton International Co.
901 Ponce de Leon Blvd.
Suite 700
Coral Gables, FL 33134

| Invoice Date: August 23, 2005 |
| Invoice # R143118 |
| Total Due: $35.00 |

| Jurisdiction | Transaction | Event Date | Amount |
|---|---|---|---|
| FL | Legal Proceedings Fee/Handling & Processing | 8/23/2005 | $35.00 |

HILTON INTERNATIONAL CO.          Invoice #: R143118          | Total Due   $35.00 |

**Payment due upon Receipt**
Make checks payable to *United Corporate Services, Inc.*
Please detach bottom portion of invoice and return with payment.
MasterCard, VISA, American Express or wire transfer accepted. Please contact us for details.
NOTE: Failure to maintain a registered office may result in revocation of a company's right to conduct business.

Page 1 of 1

# Hilton

### AFFIDAVIT

TOWN OF WATFORD

UNITED KINGDOM

HOWARD FRIEDMAN, being duly sworn, hereby deposes and states:

I am employed by Hilton International Co. as President of Hilton UK & Ireland. My office is located at **Maple Court, Central Park, Reeds Crescent, Watford, Hertfordshire WD24 4QQ**. I have held this position since July 1st, 2005.

I am resident of London, United Kingdom with my principal residence located at Apartment #532, Hilton London Metropole, 225 Edgware Road, London W2 1JU, United Kingdom. This has been my principal residence since July 1st, 2005.

I am advised that I have been named in a lawsuit entitled "VARAS HILTON INTERNATIONAL CO. and HOWARD FRIEDMAN", wherein it is alleged that I am a resident of the State of Florida. This is not now true nor has it been true since July 1st, 2005.

I am further advised that the complaint in the above-referenced matter also states that I am President of "The Americas" division of Hilton International Co. This is not now true nor has it been true since July 1st, 2005.

As of the date of this affidavit, I have not been personally served with process in the action referred to above.

Dated: ~~August 30~~ 18th September, 2005

_____
HOWARD FRIEDMAN

Sworn to before me this ~~20th~~ 18th
Day of ~~August~~ September 2005

_____
NOTARY PUBLIC

**EXHIBIT**
B

Hilton in the United Kingdom & Ireland
Maple Court, Central Park, Reeds Crescent
Watford, Herts. WD24 4QQ England
Tel: +44 (0)20 7850 4000 Fax: +44 (0)20 7850 4001
Reservations: www.hilton.com

Hilton International Hotels (UK) Limited  Registered in England No
Registered Office: Maple Court, Central Park, Reeds Crescent,

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

05-22454

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

DIEGO VARAS CASADO, a minor, through his natural parents and legal guardians, JOSE MARIA VARAS and OLINDA CASADO, and JOSE MARIA VARAS and OLINDA CASADO, individually

2005 SEP 8 PM 4:11

CLERK U.S. DIST. CT.
S.D. OF FLA. — MIAUDOX

## DEFENDANTS

HILTON INTERNATIONAL CO., (a foreign corporation) and HOWARD FRIEDMAN, a Florida resident,

**CIV. ALTONAGA**

**MAGISTRATE JUDGE TURNOFF**

**(b)** County of Residence of First Listed Plaintiff   Spain and Venezuela
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Steven C. Marks, Esquire
Podhurst, Orseck, P.A.
25 West Flager Street, Suite 800
Miami, Florida 33130

Attorneys (If Known)

Ricardo J. Cata, Esq. - Wilson, Elser, et al.
100 S.E. 2nd Street, 38th Floor, Miami, Florida 33131
Tel: 305-374-4400

**(d)** Check County Where Action Arose:  ☐ DADE  ☒ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original Proceeding   ☒ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district (specify)   ☐ 6  Multidistrict Litigation   ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC 1332   Personal injury / premises liability

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE  9/8/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____

$250.00

926946
09/08/05