UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO.: 05-22454-CIV-ALTONAGA/TURNOFF

DIEGO VARAS CASADO, a minor,
through his natural parents and legal
guardians, JOSE MARIA VARAS and
OLINDA CASADO, and JOSE MARIA
VARAS and OLINDA CASADO,
individually and as natural parents and
guardians of DIEGO VARAS CASADO,

       Plaintiffs,

vs.

HILTON INTERNATIONAL CO.,
a foreign corporation; and HILTON
HOTELS CORPORATION, a
foreign corporation;

       Defendants.

_____/

## NOTICE OF FILING

Plaintiffs by and through undersigned counsel, hereby file a copy of two documents relating

to Venezuelan law.

At this morning's hearing, the Court requested a copy of the Venezuelan Supreme Court's

opinion in Curra v. Autobuses El Tiempo, C.A. (Venezuela 2004). A copy of the opinion printed

from the Court's website is attached as Exhibit A hereto.

At the hearing, Plaintiffs' counsel also offered to submit a copy of the Venezuelan statute at

issue, Article 1196 of the Civil Code. A relevant excerpt obtained from the internet is attached as

Exhibit B hereto.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was furnished via U.S. First Class Mail

to:  Hilarie Bass, Esq., Mark A. Salky, Esq., Ricardo A. Gonzalez, Esq., Greenberg Traurig, P.A.,

1221 Brickell Avenue, Miami, Florida 33131; and William P. Kardaras, Esq., Kardaras & Kelleher,

LLP, 44 Wall Street, New York, NY 10005-1303, on this _18th_ day of July, 2006.


Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382

By: _____
      Steven C. Marks
      Fla. Bar No. 516414
      Ricardo M. Martínez-Cid
      Fla. Bar No. 383988
      Stephen F. Rosenthal
      Fla. Bar No. 131458

-2-

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

**EXHIBIT A**



LA REPÚBLICA BOLIVARIANA DE VENEZUELA
EN SU NOMBRE
**EL TRIBUNAL SUPREMO DE JUSTICIA**

## SALA DE CASACIÓN CIVIL

Ponencia del Magistrado TULIO ÁLVAREZ LEDO

En el juicio por daños y perjuicios materiales y morales derivados de accidente de tránsito incoado por **GLADYS ROMERO DE CURRA, RAMÓN CURRA** quien actúa en representación propia y de la menor **ISLAISSYS YAJIXA CURRA**, representados por los abogados Pedro Perlaza Campos, Hilda García Martínez y María Sánchez Maldonado, contra **AUTOBUSES EL TIEMPO C.A.**, en cabeza de sus administradores **MARÍA ALICIA ASENCAO GONZÁLEZ** y **MANUEL RICARDO ASUNCIÓN**, representados por los abogados Alfredo Rojas Moreno, Alejandro García, José Luis Castillo y Luis Ramón Golindano y **SEGUROS LOS ANDES C.A.**, representados por los abogados Thaymi Elisa Carrero Díaz, Salvador Benaim Azaguri, María Luisa Pérez Manchin, Máximo Febres Siso e Isabel Carrera Machado; el Juzgado Superior Cuarto en lo Civil, Mercantil y del Tránsito de la Circunscripción Judicial del Área Metropolitana de Caracas, dictó sentencia en fecha 8 de noviembre de 2002, mediante la cual declaró sin lugar la apelación interpuesta por el apoderado judicial de la parte codemandada, y confirmó en todas sus partes la decisión de fecha 10 de octubre de 2001, dictada por el Juzgado Primero de Primera Instancia en lo Civil, Mercantil y del Tránsito de la mencionada Circunscripción Judicial, mediante la cual se declaró con lugar la demanda.

Contra esa decisión del mencionado Tribunal Superior, la representación judicial de la parte codemandada anunció recurso de casación, que fue admitido y oportunamente formalizado. Hubo impugnación.

Concluida la sustanciación del recurso de casación y cumplidas las demás formalidades

legales, la Sala procede a dictar sentencia bajo la ponencia del Magistrado que con tal carácter la suscribe, en los términos siguientes:

## PUNTO PREVIO

Observa la Sala que en el caso de especie, el lapso para la presentación del recurso de casación, venció el 17 de mayo de 2003. Por consiguiente, el lapso de veinte (20) días consecutivos para la consignar el escrito de contestación a la formalización, feneció el 6 de junio del 2003.

Según las actas procesales, la presentación del escrito de impugnación tuvo lugar en fecha 19 de junio de 2003, cuando ya había concluido el indicado lapso del artículo 318 del Código de Procedimiento Civil.

Siendo pues extemporánea la presentación del escrito en referencia, por haber ocurrido cuando había fenecido el lapso procesal correspondiente, la lo Sala tiene como no presentado. Así se declara.

## RECURSO POR DEFECTO DE ACTIVIDAD
### ÚNICO

Con fundamento en el ordinal 1° del artículo 313 del Código de Procedimiento Civil, denuncia la infracción de los artículos 12, 243 ordinal 4°, 244 y 254 *eiusdem,* por incurrir en el vicio de inmotivación por silencio de prueba.

Alega el formalizante, que el juez de alzada al referirse a los testigos Juan Martino y Aurelio Dos Santos, al resultado de la experticia y a la inspección judicial, omitió cualquier análisis de dichas pruebas, las cuales, de haber sido debidamente adminiculadas por éste, llegaría a la conclusión de que el hecho que causó el accidente que produjo la muerte de Milagros Curra fue la ruptura de la barra de la

dirección del autobús, lo cual quiere decir que el accidente se debió a una causa extraña no imputable, y en consecuencia, la codemandada Autobuses El Tiempo C.A., quedaba eximida de responsabilidad lo que resultaba fundamental para las resultas del juicio, motivo por el cual incurre en inmotivación por silencio de prueba.

Textualmente alega el formalizante lo siguiente:

"...Como puede observarse, el juez de la recurrida refiere las declaraciones de los testigos **JUAN MARTINO Y AURELIO DOS SANTOS**, e igualmente cita la inspección y las experticias practicadas, pero en el texto de la sentencia omite totalmente el análisis de dichas pruebas, al no pronunciarse de manera expresa y clara sobre su eficacia o mérito probatorio. El juez al analizar en su sentencia los elementos de prueba aportados por las partes, debe efectuar un estudio riguroso y exhaustivo de cada uno de esos medios, apreciándolo o desechándolo, pronunciándose de manera clara, precisa e inequívoca, sobre su eficacia o ineficacia para probar el hecho o circunstancia con cuyo motivo se promovió la probanza. En el caso bajo análisis el juez de la recurrida, repetimos, omitió el análisis de dichas pruebas, puesto que al decir que los testigos quedaron firmes a tenor de lo dispuesto en el artículo 508 del Código de Procedimiento Civil y que tanto la inspección judicial como la experticia tienen pleno valor probatorio, debió realizar la operación intelectual de determinar si tal declaración, era o no eficaz para probar los hechos que pretendía probar el promovente, o si por el contrario no era eficaz para ello o determinar que aun siendo eficaz para probar tales hechos, los mismos no tendrían mayor repercusión sobre la controversia planteada. La falta de análisis de los dichos de los testigos, de la experticia y de la inspección judicial levantadas, tiene una trascendencia fundamental sobre el fallo pronunciado, toda vez que, si las pruebas señaladas son idóneas para probar los hechos constitutivos de la causa extraña no imputable, la sentencia habría tenido un resultado totalmente distinto del que efectivamente pronunció el juez de la recurrida. Ahora bien, toca analizar, a los efectos de la denuncia planteada, el resultado de la experticia practicada por **el experto JOSE (sic) RAMON CALATAYUD, quien estableció, en su dictamen que: "De la revisión realizada en el tren delantero del vehículo tipo Autobús, Marca Reo, Placas C-00801, se puede determinar que si fue reparado a este vehículo LA BARRA DE LA DIRECCIÓN (SUSTITUIDA) Y QUE SI A UN VEHÍCULO DE ESTAS CARACTERÍSTICAS SE LE ROMPE LA BARRA DE LA DIRECCIÓN, SE PIERDE EL CONTROL DEL MISMO POR PARTE DEL CONDUCTOR ..."** Por su parte, la inspección judicial practicada permitió dejar constancia que en la esquina de Alcabala, Avenida San Martín, se observa en la vía, una capa de asfalto entre los canales de circulación derecho y del centro, que es de un color más oscuro que la capa del resto del pavimento. Y que en el sitio señalado como lugar del accidente había o hubo un hueco de grandes proporciones que comprende los canales derechos y del centro de la calle, el cual fue rellenado o pavimentado recientemente. Las fotografías tomadas en el lugar y que forman parte de la inspección revelan nítidamente la existencia de un hueco de grandes proporciones, con anterioridad a la pavimentación de la calle en cuestión, puesto que la capa de asfalto recién colocada dibuja una circunferencia que recubre el hueco preexistente.
Al adminicular las declaraciones de los testigos, **JUAN MARTINO Y AURELIO DOS SANTOS**, con el resultado de la experticia realizada y con la inspección judicial practicada, debemos concluir diáfanamente que el hecho que produjo el accidente que causó la muerte de

la ciudadana **MILAGROS CURRA, que fue la ruptura de la barra de la dirección del autobús,** pertenece a la categoría de los hechos que en el campo de las obligaciones se conoce con el nombre de "causa extraña no imputable" y que constituye una causal eximente de responsabilidad. Si el accidente obedeció, como lo revelan las pruebas citadas y no analizadas, a una causa extraña no imputable, es decir, a una circunstancia no dependiente de la voluntad ni de la conducta del agente causal del daño, y como consecuencia de ello no haber existido una conducta culposa de éste, es obvio que no existe responsabilidad alguna a cargo de la demandada, AUTOBUSES EL TIEMPO, C.A. La concatenación lógica de las referidas pruebas permite excluir como causas primigenias del accidente, la culpa del agente causal, el exceso de velocidad, la imprudencia, la negligencia del conductor e involucra como causa original del hecho, una causa extraña no imputable. En resumen, el juez de la recurrida, omitió hacer la valoración de las pruebas testimoniales mencionadas, de la prueba de experticia y de la prueba de inspección judicial, cuya incidencia sería fundamental para el resultado del juicio, omitiendo el cumplimiento de la exigencia contenida en el ordinal Cuatro (4°) del artículo 243 del Código de Procedimiento Civil, viciando de ese modo la sentencia dictada, la cual incurre en el vicio de **inmotivación,** y pedimos que así lo declare expresamente esta Sala en su sentencia definitiva..."

Para decidir, la Sala observa:

La denuncia está mal planteada, pues el vicio- del silencio de prueba debe denunciarse en un recurso de infracción de ley, tal como lo estableció la Sala en sentencia de fecha 21 de junio de 2000 (caso: Farvenca Acarigua C.A., contra Farmacia Clealy C.A.), en la que se asentó que la falta de valoración y examen de las pruebas por parte del sentenciador constituye una infracción del artículo 509 del Código de Procedimiento Civil, la cual es una regla de establecimiento de los hechos, y esta violación debe denunciarse con fundamento en el ordinal 2° del artículo 313 *eiusdem,* lo cual no ocurrió en el presente caso.

En consecuencia, se desecha la denuncia de infracción de los artículos 12, 243 ordinal 4°, 244 y 254 del Código de Procedimiento Civil, por inadecuada fundamentación. Así se decide.

### RECURSO POR INFRACCIÓN DE LEY
#### I

Con fundamento en el ordinal 2° del artículo 313 del Código de Procedimiento Civil en

concordancia con el 320, denuncia la infracción de los artículos 12 y 509 *eiusdem,* por incurrir en el vicio de silencio de pruebas.

Alega el formalizante, que el juez de alzada omitió analizar y valorar a los testigos Juan Martino y Aurelio Dos Santos; el resultado de la experticia complementaria, y la inspección judicial, con lo cual no pudo constatar los dos hechos que produjeron el accidente y que eximía de responsabilidad a la codemandada Autobuses El Tiempo C.A., los cuales son: a) La existencia en el pavimento de la vía por donde se desplazaba el autobús, de un hueco de grandes proporciones que obstruía el canal central y el canal derecho de la avenida; y, b) La circunstancia de que, al pretender el conductor realizar una maniobra con el volante para evitar caer en el hueco del pavimento, se rompiera la barra de la dirección del autobús.

Para decidir, la Sala observa:

Para verificar las aseveraciones expuestas por el formalizante la Sala pasa a transcribir lo pertinente de la sentencia recurrida:

"...**ANÁLISIS DE LAS PRUEBAS DE LA CODEMANDADA AUTOBUSES EL TIEMPO C.A.**

...Omissis...

A) Juan Martino...
Este testigo no fue repreguntado por la parte actora, por lo que su testimonio quedó firme y este tribunal le otorga a su contenido pleno valor probatorio, conforme al artículo 508 del Código de Procedimiento Civil, y así se decide.
B) Aurelio Dos Santos De Freitas,...
Testigo que al no ser repreguntado por la parte actora al momento de prestar testimonio, quedó firme en sus afirmaciones por lo que este tribunal le otorga pleno valor probatorio de conformidad con lo establecido en el artículo 508 del Código de Procedimiento Civil, y así se decide.
...Omissis...
En cuanto a la Inspección Judicial,...
Inspección Judicial que esta Alzada a tenor de lo establecido en el artículo 1.430 del Código Civil en concordancia con los artículos 507 y 509 del Código de Procedimiento Civil otorga pleno valor probatorio a los hechos contenidos en las mismas, anteriormente señalados, y así se decide.

En relación a la expertica realizada al vehículo propiedad de la codemandada Autobuses El Tiempo C.A., se observa que en la misma se determinó la reparación de la barra de dirección y que la ruptura de la barra de dirección puede ocasionar la pérdida del control del vehículo por parte del conductor, prueba ésta que este sentenciador aprecia conforme al artículo 507 del Código de Procedimiento Civil en concordancia con el artículo 1.426 del Código Civil y así se decide.

Ahora bien, del análisis en conjunto de las pruebas aportadas en el proceso, se evidencia el hecho generador del daño (accidente ocurrido en fecha 19 de diciembre de 1999, que ocasionó la muerte de la ciudadana Milagros Yaneth Curra Romero). El agente que ocasiona el daño (conductor del vehículo quien reconoció su responsabilidad del accidente ante el Juzgado Vigésimo Séptimo de Primera Instancia en Funciones de Control del Circuito Judicial Penal del Área Metropolitana de Caracas). Sin embargo, la parte demandada durante la secuela del proceso en la instancia inferior y en el acto de los informes celebrado ante esta Alzada, insiste en defensas dirigidas a desvirtuar la responsabilidad del conductor en la producción del daño, alegando que la conducta desarrollada por el conductor no es culposa, lo que constituye una eximente absoluta de responsabilidad civil.

A este respecto, esta Alzada observa, que habiendo reconocido su responsabilidad el conductor del vehículo, tal y como se desprende de la copia certificada de la sentencia dictada por el Juzgado Vigésimo Séptimo de Primera Instancia en Funciones de Control del Circuito Judicial Penal del Área Metropolitana de Caracas, valorada anteriormente por este Juzgado, conforme a lo previsto en los artículos 1.357 y 1.359 del Código Civil, es decir, otorgándole a su contenido efecto erga omnes, no puede pretender la demandada desconocer tal responsabilidad y así se establece..."

De la precedente transcripción se desprende que el juez de alzada sí analizó las pruebas referidas a los testigos Juan Martino y Aurelio Dos Santos, así como el resultado de la expertica y la inspección judicial, pues expresó que la codemandada insistía en desvirtuar con las citadas pruebas la responsabilidad civil del conductor en la producción del daño, y concretamente, su conducta culposa.

Al respecto, el *ad quem* consideró que no podía desconocer la responsabilidad del conductor frente a la declaración que él mismo hizo en el Juzgado Vigésimo Séptimo de Primera Instancia en Funciones de Control del Circuito Judicial Penal del Área Metropolitana de Caracas, mediante la cual reconoció su responsabilidad en el accidente, y por este motivo le dio efectos *erga omnes* a dicha, confesión de conformidad con los artículos 1.357 y 1.359 del Código Civil.

En virtud de los razonamientos antes expuestos, se declara improcedente la denuncia de infracción de los artículos 12 y 509 del Código de Procedimiento Civil, y así se decide.

<u>II</u>

Con fundamento en el ordinal 2° del artículo 313 del Código de Procedimiento Civil, se denuncia la infracción del artículo 1.196 del Código Civil por error de interpretación.

Alega el formalizante que el juez de alzada, al acordar a los accionantes una indemnización por las lesiones corporales sufridas por la víctima Milagros Yanet Curra Romero, incurrió en una flagrante violación del artículo 1.196 del Código Civil, pues las lesiones se refieren a un daño que sólo puede ser reclamado por la propia víctima, por ser personalísimo e intransferible.

Textualmente alega el formalizante lo siguiente:

"...Nótese que el juez a quo, y el juez de la recurrida acuerdan a cada uno de los accionantes, una indemnización, por concepto de dolor sufrido (Pretium Doloris) a causa de las lesiones corporales experimentadas por la víctima **MILAGROS YANET CURRA ROMERO**, desconociendo de manera rotunda y flagrante el contenido del artículo 1.196 del Código Civil y el criterio reiterado de nuestra doctrina y jurisprudencia, en el sentido que el pretium doloris sufrido por la víctima sólo puede ser reclamado por ella misma y no por los parientes o allegados, por ser un tipo de daño personalísimo a la víctima; configurándose de ese modo el vicio de "violación de la ley, al contradecir abiertamente el contenido de la norma jurídica. Es decir que, en el ámbito de nuestro ordenamiento jurídico positivo, y por mandato expreso del artículo 1.196 del Código Civil, los parientes consanguíneos, afines y el cónyuge, tienen derecho a obtener una indemnización por el dolor sufrido por ellos con ocasión de la muerte de la víctima de un hecho ilícito. Ahora bien, según el mismo dispositivo legal, la propia víctima de una lesión corporal, de un atentado a su honor, a su reputación, o a la reputación u honor de su familia, a su libertad personal etc, tiene derecho a exigir una reparación del dolor sufrido por aquellas lesiones. Pero la norma no establece que el derecho a dicha indemnización, por causa del sufrimiento experimentado por la víctima, puede ser transferido a sus parientes, puesto que el derecho de éstos últimos a obtener una indemnización, nace sólo en el caso de que la víctima de la lesión corporal muera efectivamente por causa del hecho ilícito productor de la lesión inicial. Pero, cuando sólo hay lesión corporal que no es capaz de causar la muerte, el derecho a reclamar la indemnización por causa del dolor sufrido (pretium doloris) se limita a la persona de la víctima, por ser un tipo de daño personalísimo y por ende no transferible.
          Con base en los razonamientos expuestos, consideramos que la sentencia del Juzgado Superior Cuarto en lo Civil, Mercantil y del Tránsito de la Circunscripción Judicial del Área Metropolitana de Caracas, contiene una flagrante violación al texto del artículo 1.196 del Código Civil, en tanto que acordó a los actores, una indemnización que solo podía ser acordada a favor de la víctima del hecho ilícito, pero que no se prevé a favor de los parientes, afines o cónyuges, configurándose de ese modo el vicio de violación de la ley al contradecir abiertamente el contenido de la norma citada, y así pedimos que lo declare esta

Sala de Casación Civil del Tribunal Supremo de Justicia en la sentencia a dictarse en el curso del presente juicio..."

Para decidir, la Sala:

El artículo 1.196 del Código Civil expresa textualmente lo siguiente:

"...La obligación de reparación se extiende a todo daño material o moral causado por el acto ilícito.

El Juez puede, especialmente, <u>acordar una</u> Indemnización a <u>la víctima en caso de lesión corporal</u>, de atentado a su honor, a su reputación, o a los de su familia, a su libertad personal, como también en caso de violación de su domicilio o de un secreto concerniente a parte lesionada.

El Juez puede igualmente conceder una Indemnización a <u>los parientes, afines, o cónyuge. como reparación del dolor sufrido en caso de muerte de la víctima</u>..." (Subrayado de la Sala).

Esta disposición legal fue introducida en el Código Civil de 1942, y establece la obligación de reparar tanto el daño material como el moral. Dicha norma faculta al Juez para acordar una indemnización a la víctima en caso de atentado al honor, a su reputación o los de su familia a su libertad personal, como también en caso de violación de su domicilio o de un secreto concerniente a la parte lesionada. También puede conceder una indemnización a los parientes, afines o cónyuges como reparación del dolor sufrido <u>en caso de muerte de la víctima</u>.-

En sentencia de fecha 14 de diciembre de 1966, caso: Adolfo Dasi Taberner c/ Eduardo Pérez Newman y José Elio Guillén Pernía, Gaceta Forense, Segunda Etapa Octubre-Diciembre, Tomo 54, la Sala estableció:

"Es cierto, también como sostiene el formalizante, que el artículo 1.196 del Código Civil autoriza al juez para acordar una indemnización a los parientes, afines o cónyuge, como reparación del dolor sufrido sólo en caso de *muerte* de la víctima; pero en el caso de autos, sólo se trató de lesiones personales sufridas por la suegra del actor; y dicha disposición no autorizaría una indemnización por el pretendido dolor moral sufrido por aquél como consecuencia de la lesión sufrida por su suegra. La indemnización que la ley permite conceder a los parientes y afines, *es sólo en caso de muerte de la víctima*; y al haberla acordado la recurrida, fuera de ese caso, es decir, por simples lesiones, infringió por este otro

motivo el citado artículo..." (Cursiva de la sentencia).

De conformidad con lo previsto en el artículo 1.196 del Código Civil, la Sala considera que en caso de muerte de la víctima los herederos tienen derecho a solicitar una indemnización sólo por daño moral, y no por las lesiones corporales que pudo haber sufrido el *de cujus*, en virtud de que los herederos o causahabientes sufren los denominados perjuicios indirecto o reflejos que nacen de la muerte de un pariente o familiar por el daño padecido por la víctima, pues es a la víctima a quien se le ocasiona el daño directo o el daño corporal por padecer las lesiones en su propio cuerpo.

Al respecto, la sentencia recurrida expresó lo siguiente:

"...En fecha 10 de octubre de 2001, el Juzgado de la causa dictó sentencia donde declaró sin lugar la excepción de falta de cualidad e interés en el actor para sostener el juicio, sin lugar la cuestión previa opuesta contenida en el ordinal 8° del artículo 346 del Código de Procedimiento Civil. Con lugar la demanda intentada por la parte actora condenando a las demandadas a pagar a la demandante las siguientes cantidades: PRIMERO: a los ciudadanos Ramón Curra y Gladys Romero de Curra, padres de la víctima la cantidad de diez millones de bolívares (Bs. 10.000.000,00) a cada uno por los siguientes conceptos cinco millones de bolívares (Bs. 5.000.000,00) por la lesión causada a su hija Milagros Yaneth Curra Romero y cinco millones de bolívares (Bs. 5.000.000,00), por el daño moral sufrido. Asimismo pagar al ciudadano Ramón Curra la cantidad de un millón quinientos mil bolívares (Bs. 1.500.000,00), por concepto de gastos de enterramiento de la de cujus Milagros Yaneth Curra Romero, quien era su hija; SEGUNDO: El pago de la cantidad de veinte millones a la menor Islaissys Curra por los siguientes conceptos diez millones de bolívares (Bs. 10.000.000,00) por la lesión corporal que le causó la muerte de su madre y la cantidad de diez millones de bolívares (Bs. 10.000.000,00) por daño moral que le fue causado, sumas que serán sometidas a experticia complementaria del fallo.
...Omissis...
Por otra parte, la codemandada Autobuses el Tiempo C.A., en su escrito de informes insistió en la Falta de Cualidad de la parte actora para sostener la presente acción, señalando que la indemnización derivada del daño o lesión corporal sólo compete a la propia víctima y por ende los actores Ramón Curra y Gladys Romero de Curra no tienen la cualidad para intentar la acción de indemnización ya que la difunta una hija, ésta excluye a los ascendientes como tales herederos, lo que significa que bajo ninguna circunstancia, los padres de la víctima tendrían derecho a esta indemnización y que de conformidad con lo previsto en el artículo 1.196 del Código Civil, la obligación de reparar o indemnizar el daño o lesión corporal, sólo procede con respecto a la propia víctima de la lesión o daño.
A este respecto, la doctrina y la jurisprudencia han sido unánimes al interpretar el artículo 1.196 del Código de Procedimiento Civil (sic) señalando la posibilidad de indemnización a los parientes, como reparación del dolor sufrido en caso de muerte de la víctima razón por la cual acogiendo esta Alzada el criterio sustentado por el Juzgado de instancia inferior, declara improcedente la defensa de falta de cualidad para sostener la presente acción, alegada nuevamente por la parte demandada en el acto de informes.

Sin embargo considera necesario esta alzada para sostener la anterior posición traer a colación el criterio doctrinal en relación al daño moral y su indemnización, lo cual hace a continuación.

Señala el procesalista Eloy Maduro Luyano (sic), en su obra Curso de Obligaciones Derecho Civil, Tomo III, página 143 y 144.

...Omissis...

Atendiendo al criterio doctrinal anteriormente transcrito y al análisis probatorio realizado por este Juzgado Superior concluye esta Alzada que la sentencia dictada por el Juzgado Primero de Primera Instancia en lo Civil, Mercantil y del Tránsito de esta Circunscripción se encuentra ajustada a derecho por lo que inexorablemente debe ser conformidad (sic) y así expresamente lo decide...".(Subrayado de la Sala).

De la precedente transcripción se desprende que la sentencia recurrida ordenó indemnizar a Ramón Curra, Gladys Romero de Curra y a la menor Islaissys Curra, debido a las lesiones corporales sufridas por la difunta Milagros Yaneth Curra Romero, así como por el daño moral que les causó la muerte del pariente.

Ahora bien, de acuerdo con el artículo 1.196 del Código Civil los padres y la hija de la difunta tienen derecho a una indemnización por su muerte, y los legitima para demandar el pago de una indemnización por daño moral, mas no por las lesiones corporales sufridas por ella.

En consecuencia, al condenar al demandado al pago por las lesiones sufridas por la difunta Milagros Yaneth Curra Romero con motivo del accidente de tránsito, el juez superior infringió por error de interpretación el artículo 1.196 del Código Civil, razón por la cual se declara procedente la denuncia bajo análisis, y así se decide.

## CASACIÓN SIN REENVÍO

En la denuncia examinada en el Capítulo I de infracción de ley de la co-demandada Autobuses El Tiempo C.A., la Sala declaró procedente la infracción del artículo 1.196 del Código Civil, por cuanto el juez de alzada acordó indebidamente a los actores Gladys Romero de Cura, Ramón Cura y a la menor Islaissys Yajixa Curra, una indemnización por las lesiones corporales sufridas por la *de cujus* Milagros Yaneth Curra Romero, derivados del accidente de tránsito.

Dado que el pronunciamiento hecho por este Alto Tribunal hace innecesario un nuevo

pronunciamiento sobre el fondo de la controversia, la Sala, en conformidad con lo previsto en el artículo 322 del Código de Procedimiento Civil, casará sin reenvío el fallo recurrido debido a que de los hechos establecidos en la sentencia recurrida consta que los actores alegaron y probaron que ocurrió un accidente de tránsito que le produjo la muerte a Milagros Yanet Curra Romero, ocasionada por culpa del conductor. Este hecho debidamente establecido en la sentencia recurrida demuestra el derecho al pago sólo por daño moral, y permite a la Sala aplicar la apropiada regla de derecho.

En efecto, en caso de muerte de la víctima, sus parientes tienen derecho a una indemnización por concepto de daño moral, conforme a lo previsto en el artículo 1.196 del Código Civil, tienen derecho al cobro por concepto de daño moral y no por las lesiones corporales sufridas por ella como lo acordó el juez de alzada.

En consecuencia, la Sala ejercerá su facultad de casar sin reenvío el fallo recurrido, y ordenará que las empresas Seguros Los Andes C.A. y Autobuses El Tiempo C.A., paguen a los actores la cantidad de Treinta y Un Millones Quinientos Mil Bolívares (Bs. 31.500.000,00) de la siguiente manera. La primera de las empresas responderá por el monto total de la cobertura de la Póliza que ampara al autobús placa N° C-00801, la cual asciende a Tres Millones Quinientos Mil Bolívares (Bs. 3.500.000,00), y los Veintiocho Millones de Bolívares (Bs. 28.000.000,00) restantes correrán por cuenta de Autobuses El Tiempo C.A., todo por concepto de daño moral. Así se decide.

## D E C I S I Ó N

Por las razones expuestas, el Tribunal Supremo de Justicia, en Sala de Casación Civil, administrando justicia en nombre de la República Bolivariana de Venezuela y por autoridad de la Ley, declara **CON LUGAR** el recurso de casación anunciado y formalizado por la co-demandada Autobuses El Tiempo C.A. contra sentencia de fecha 8 de Noviembre de 2002, dictada por el Juzgado Superior Cuarto en lo Civil, Mercantil y del Tránsito de la Circunscripción Judicial del Área Metropolitana de Caracas, y **CASA SIN REENVIO** el fallo recurrido. En consecuencia, declara: 1) **PARCIALMENTE CON LUGAR** la demanda interpuesta por GLADYS ROMERO de CURRA, RAMÓN CURRA e

ISLAISSYS YAJIXA CURRA, contra las empresas AUTOBUSES EL TIEMPO C.A. y SEGUROS LOS ANDES C.A. por daños y perjuicios derivados de accidente de tránsito, por cuanto sólo proceden la indemnización por los daños morales alegados, 2) **CON LUGAR** la apelación formulada por la codemandada Autobuses El Tiempo C.A. contra el fallo dictado en fecha 10 de octubre de 2001, por el Juzgado Primero de Primera Instancia en lo Civil, Mercantil y del Tránsito de la mencionada Circunscripción Judicial. Por consiguiente, **CONDENA** a las empresas **SEGUROS LOS ANDES C.A.** y **AUTOBUSES EL TIEMPO C.A.**, al pago a los actores de la cantidad de **TREINTA Y UN MILLONES QUINIENTOS MIL BOLÍVARES (Bs. 31.500.000,00),** discriminados de la siguiente forma: La primera de las empresas nombradas responderá por el monto total de la cobertura de la Póliza que ampara al autobús placa N° C-00801, la cual asciende a Tres Millones Quinientos Mil Bolívares (Bs. 3.500.000,00), y la segunda, Autobuses El Tiempo C.A., deberá pagar la cantidad de Veintiocho Millones de Bolívares (Bs. 28.000.000,00), todo por concepto de daño moral. El monto condenado se pagará de la siguiente manera: 1) A cada uno de padres de la *de cujus* ciudadanos Gladys Romero de Curra y Ramón Curra, la cantidad de diez millones de bolívares (Bs. 10.000.000,00) por daño moral, y un millón quinientos mil bolívares (Bs. 1.500.000,00) por los gastos de entierro de la difunta Milagros Yanet Curra Romero. Y 2) A la menor Islaissys Yajixa Curra la cantidad de diez millones de bolívares (Bs. 10.000.000,00) por daño moral.

No se condena en costas al codemandado Autobuses El Tiempo, C.A., por haber resultado con éxito el recurso de apelación interpuesto.

De igual forma, no procede la condena en costas del proceso, porque no hubo vencimiento total.

Publíquese y regístrese. Se ordena la remisión de este expediente al Tribunal de la causa, Juzgado Primero de Primera Instancia en lo Civil Mercantil y del Tránsito de la Circunscripción Judicial del Área Metropolitana de Caracas a los fines de la ejecución del presente fallo. Partícipese esta decisión al Tribunal Superior de origen.

Dada, firmada y sellada en la Sala de Despacho del Tribunal Supremo de Justicia, en Sala de

Casación Civil, en Caracas, a los veintisiete (27) días del mes de julio de dos mil cuatro. Años: 194° de la Independencia y 145° de la Federación.

El Presidente de la Sala,

_____
CARLOS OBERTO VELEZ

El Vicepresidente,

_____
ANTONIO RAMÍREZ JIMÉNEZ

Magistrado Ponente,

_____
TULIO ÁLVAREZ LEDO

El Secretario,

_____
ENRIQUE DURÁN FERNÁNDEZ

**Exp. N° AA20-C-2003-000382**

El Magistrado Antonio Ramírez Jiménez, consigna el presente "*voto salvado*" al contenido de la presente decisión, con base en las siguientes consideraciones:

Quien suscribe, no comparte la solución dada al trámite para el análisis de la denuncia de silencio de prueba enmarcada en la única denuncia por defecto de actividad.-

En efecto, la ocurrencia de un vicio por silencio de prueba ha debido ser analizado por esta Sala en el ámbito de un recurso por defecto de actividad, ello de conformidad con la Constitución

vigente y el Código adjetivo civil que exigen una justicia completa y exhaustiva; no se lograría dicho fin si se omite algún elemento clarificador del proceso.-

Esa es la interpretación que se le debe dar al artículo 509 del Código de Procedimiento Civil, al señalar que los Jueces deben analizar todas las pruebas producidas en el expediente y emitir su opinión, así sea en forma breve y concreta, en un todo de conformidad con el ordinal 1° del artículo 313 eiusdem.-

Por ello, el silencio de prueba debe mantenerse como un vicio denunciable en el ámbito de un recurso por defecto de actividad, en un todo de conformidad con el ordinal 1° del artículo 313 del Código de Procedimiento Civil.

Queda así expresado el voto salvado del Magistrado que suscribe.

En Caracas, fecha ut-supra.

El Presidente de la Sala,

_____
CARLOS OBERTO VÉLEZ

El Vicepresidente,

_____
ANTONIO RAMÍREZ JIMÉNEZ

Magistrado,

_____
TULIO ÁLVAREZ LEDO

El Secretario,

_____

ENRIQUE DURÁN FERNÁNDEZ

**Exp. N° AA20-C-2003-000382**

**EXHIBIT B**

**Red de Información Jurídica**

**LEGISLACION ANDINA**

**Venezuela**

**Derecho Civil**

## CÓDIGO CIVIL DE VENEZUELA

### (Gaceta N° 2.990 Extraordinaria del 26 de Julio de 1982)

#### EL CONGRESO DE LA REPÚBLICA DE VENEZUELA DECRETA

el siguiente,

#### CÓDIGO CIVIL

#### TÍTULO PRELIMINAR
#### DE LAS LEYES Y SUS EFECTOS, Y DE LAS REGLAS GENERALES PARA SU APLICACIÓN

Artículo 1
La Ley es obligatoria desde su publicación en la GACETA OFICIAL o desde la fecha a posterior que ella misma indique.

Artículo 2
La ignorancia de la ley no excusa de su cumplimiento.

Artículo 3
La Ley no tiene efecto retroactivo.

Artículo 4
A la Ley debe atribuírsele el sentido que aparece evidente del significado propio de las palabras, según la conexión de ellas entre sí y la intención del legislador.
Cuando no hubiere disposición precisa de la Ley, se tendrán en consideración las disposiciones que regulan casos semejantes o materias análogas; y, si hubiere todavía dudas, se aplicarán los principios generales del derecho.

Artículo 5
La renuncia de las leyes en general no surte efecto.

Artículo 6

✳ ✳ ✳

Artículo 1.189
Cuando el hecho de la víctima ha contribuido a causar el daño, la obligación de repararlo se disminuirá en la medida en que la víctima ha contribuido a aquél.

Artículo 1.190
El padre, la madre, y a falta de éstos, el tutor, son responsables del daño ocasionado por el hecho ilícito de los menores que habiten con ellos.
Los preceptores y artesanos son responsables del daño ocasionado por el hecho ilícito de sus alumnos y aprendices, mientras permanezcan bajo su vigilancia.
La responsabilidad de estas personas, no tiene efecto cuando ellas prueban que no han podido impedir el hecho que ha dado origen a esa responsabilidad; pero ella subsiste aun cuando el autor del acto sea irresponsable por falta de discernimiento.

Artículo 1.191
Los dueños y los principales o directores son responsables del daño causado por el hecho ilícito de sus sirvientes y dependientes, en el ejercicio de las funciones en que los han empleado.

Artículo 1.192
El dueño de un animal o el que lo tiene a su cuidado, debe reparar el daño que éste cause, aunque se hubiese perdido o extraviado, a no ser que pruebe que el accidente ocurrió por falta de la víctima o por el hecho de un tercero.

Artículo 1.193
Toda persona es responsable del daño causado por las cosas que tiene bajo su guarda, a menos que pruebe que el daño ha sido ocasionado por falta de la víctima, por el hecho de un tercero, o por caso fortuito o fuerza mayor.
Quien detenta, por cualquier título, todo o parte de un inmueble, o bienes muebles, en los cuales se inicia un incendio, no es responsable, respecto a terceros, de los daños causados, a menos que se demuestre que el incendio se debió a su falta o al hecho de personas por cuyas faltas es responsable.

Artículo 1.194
El propietario de un edificio o de cualquiera otra construcción arraigada al suelo, es responsable del daño causado por la ruina de éstos, a menos que pruebe que la ruina no ha ocurrido por falta de reparaciones o por vicios en la construcción.

Artículo 1.195
Si el hecho ilícito es imputable a varias personas, quedan obligadas solidariamente a reparar el daño causado.
Quien ha pagado íntegramente la totalidad del daño, tiene acción contra cada uno de los coobligados por una parte que fijará el Juez según la gravedad de la falta cometida por cada uno de ellos. Si es imposible establecer el grado de responsabilidad de los coobligados, la repartición se hará por partes iguales.

Artículo 1.196
La obligación de reparación se extiende a todo daño material o moral causado por el acto ilícito.
El Juez puede, especialmente, acordar una indemnización a la víctima en caso de lesión corporal, de atentado a su honor, a su reputación, o a los de su familia, a su libertad personal, como también en el caso de violación de su domicilio o de un secreto concerniente a la parte lesionada.
El Juez puede igualmente conceder una indemnización a los parientes, afines, o cónyuge, como reparación del dolor sufrido en caso de muerte de la víctima.

Capítulo II
De las Diversas Especies de Obligaciones
Sección I
Obligaciones Condicionales

Artículo 1.197
La obligación es condicional cuando su existencia o resolución depende de un acontecimiento futuro e incierto.
Artículo 1.198
Es suspensiva la condición que hace depender la obligación de un acontecimiento futuro e incierto.
Es resolutoria, cuando verificándose, repone las cosas al estado que tenían, como si la obligación no se hubiese jamás contraído.
Artículo 1.199
La condición es causal, cuando depende enteramente de un acontecimiento fortuito, que no está en la potestad del acreedor ni del deudor.
Es potestativa, aquella cuyo cumplimiento depende de la voluntad de una de las partes, y mixta cuando depende a un mismo tiempo de la voluntad de las partes contratantes y de la voluntad de un tercero, o del acaso.
Artículo 1.200
La condición imposible o contraria a la ley o a las buenas costumbres, hace nula la obligación que depende de ella si es suspensiva; y se reputa no escrita si es resolutoria.
En todo caso, la condición resolutoria contraria a la Ley o a las buenas costumbres, hace nula la obligación de la cual ha sido causa determinante.
Artículo 1.201
La obligación contraída bajo la condición de no hacer una cosa imposible, se reputa pura y simple
Artículo 1.202
La obligación contraída bajo una condición que la hace depender de la sola voluntad de aquél que se ha obligado, es nula.
Artículo 1.203
Cuando la obligación se contrae bajo condición suspensiva, y antes de su cumplimiento perece o se deteriora la cosa que forma su objeto, se observarán las reglas siguientes:
Si la cosa perece enteramente sin culpa del deudor la obligación se reputa no contraída.
Si la cosa perece enteramente por culpa del deudor, éste queda obligado para con el acreedor al pago de los daños.
Si la cosa se deteriora sin culpa del deudor, el acreedor debe recibirla en el estado en que se encuentre, sin disminución del precio.
Si la cosa se deteriora por culpa del deudor, el acreedor tiene el derecho de resolver la obligación, o de exigir la cosa en el estado en que se encuentre, además del pago de los daños.
Artículo 1.204
La condición resolutoria no suspende la ejecución de la obligación; obliga únicamente al acreedor a restituir lo que ha recibido cuando se efectúe el acontecimiento previsto en la condición.
Artículo 1.205
Toda condición debe cumplirse de la manera como las partes han querido o entendido verosímiimente que io fuese.
Artículo 1.206
Cuando una obligación se ha contraído bajo la condición de que un acontecimiento suceda en un tiempo determinado, esta condición se tiene por no cumplida si el tiempo ha expirado sin que el acontecimiento se haya efectuado. Si no se ha fijado tiempo, la condición puede cumplirse en cualquier tiempo, y no se tiene por no cumplida sino cuando es cierto que el acontecimiento no sucederá.
Artículo 1.207
Cuando se ha contraído una obligación bajo la condición de que no suceda un